IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE LEE FOSTER, #143404,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:13-CV-288-WHA |
| ) | [WO] |
| ) | |
| CYNTHIA DILLARD, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint and amendment thereto filed by Eddie Lee Foster ("Foster"), a state inmate presently incarcerated at the Hamilton Aged and Infirmed Facility. In this case, Foster challenges the parole consideration process and the statutes/procedures utilized in this process. He also alleges that the letter notifying him of the denial of parole created a liberty interest in release on parole. The defendants filed a special report and supporting evidentiary materials addressing Foster's claims for relief and Foster filed a response in opposition to this report.

On October 7, 2015, the plaintiff filed a Motion for Preliminary Injunction (Doc. No. 50) and a Motion for Injunction under Rule 65(a) of the Federal Rules of Civil Procedure (Doc. No. 51), the rule governing issuance of a preliminary injunction. In these documents, Foster seeks issuance of preliminary injunctive relief requiring that the defendants comply

with the three-year parole set off contained in the parole regulations effective at the time of his convictions rather than the five-year set off permitted by the 2001 amendment to the regulations.

Upon review of the motions for preliminary injunction and the special report filed by the defendants, the court concludes that the plaintiff's motions for preliminary injunction are due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Foster demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is

issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly arry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

The defendants filed a special report supported by relevant evidentiary materials addressing each of Foster's claims for relief. In these evidentiary materials, the defendants deny that the parole consideration process violated any right protected by the Constitution and assert that the notification of denial did not create a liberty interest in parole. The defendants further argue that the statute providing discretionary authority in the review of parole, *Ala. Code* § 15-22-26, is not unconstitutionally vague. *See Woodruff v. United States Dept. of Labor, Office of Workers Compensation Program*, 954 F.2d 634, 643, *rehearing*

3

*denied*, 961 F.2d 224 (11ᵗʰ Cir. 1992) (The statute is substantially comprehensible with respect to establishing the standards for release of inmates on parole and, therefore, not void for vagueness.); *Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972) (It is clear to this court that the guidelines set forth in § 15-22-26 "provide explicit standards for those who apply them" and "give the person of ordinary intelligence a reasonable opportunity to know what is [required]" such that the statute is not unconstitutionally vague).  The defendants further assert that they did not deny Foster parole based on his race and, instead, denied him parole because board members were "not of the opinion that if Mr. Foster were granted parole that he could remain at liberty without violating the law [nor did they believe] that his release would be compatible with the welfare of society." *Exh. 3 to the Defendants' Special Report - Doc. No. 26-3* at 2.  Finally, the defendants maintain that the Parole Board's current regulation governing parole set-off dates does not create a protected liberty interest in the procedures related to parole consideration, *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940 (11ᵗʰ Cir.), *cert. denied*, 459 U.S. 1043 (1982), nor does it violate the Ex Post Facto Clause.  *Garner v. Jones,* 529 U.S. 244, 249-256 (2000); *Barna v. Travis*, 239 F.3d 169, 171 (2ⁿᵈ Cir. 2001) ("The Ex Post Facto Clause does not apply to guidelines that do not create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion."); *California Dep't of Corr. v. Morales,* 514 U.S. 499, 506 n.3 (1995) (citation omitted, emphasis in original) ("[T]he focus of the ex post facto inquiry is not ... on whether an amendment affects a prisoner's *'opportunity* to take advantage

of provisions for early release,' but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.").

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Foster has failed to demonstrate a substantial likelihood of success on the merits of his claims. Foster likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the injunction would adversely impact the ability of the Parole Board to render decisions in accordance with their discretionary authority. Finally, the public interest element of the equation likewise favors the defendants at this juncture. Thus, Foster has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before October 21, 2015 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which THE objection is made; frivolous, conclusive,

or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 7th day of October, 2015.

                      /s/Charles S. Coody
                      CHARLES S. COODY
                      UNITED STATES MAGISTRATE JUDGE